### SHAMPEAU *v.* CONNECTICUT RIVER LUMBER Co.

*(Circuit Court, D. Vermont. June 25, 1890.)*

1. PLEADING—REPLICATION—RELEASE—FRAUD.

   To a plea of release under seal, a replication setting up fraud is bad, since such fraud, if it induced plaintiff to sign a paper different from the one he intended to sign, may be shown under a replication of *non est factum*, while if it merely deceived plaintiff as to his rights, it constitutes no legal defense.

2. SAME—ACCORD AND SATISFACTION—FRAUD.

   To a plea setting up an accord and satisfaction and the payment of a specific sum in full settlement, a replication which neither admits nor denies the payment, but contains long averments to the effect that plaintiff was induced to agree to the settlement through fraud, is bad, not being responsive to the plea.

At Law. On demurrer to replication.
*Smith & Sloane* and *C. A. Prouty*, for plaintiff.
*Ide & Stafford*, for defendant.
Before LACOMBE and WHEELER, JJ.

PER CURIAM. The second and third pleas set forth a release under seal. If the facts averred in the replication are relied upon as establishing the proposition that, through some fraud practiced upon him by the defendant, the plaintiff was deceived into signing a paper other and different from that which he intended to sign, they may be shown under a replication of *non est factum*. If, however, plaintiff relies upon facts showing only that through fraud and imposition the plaintiff was deceived as to his rights, and was thus induced to extinguish a valuable claim in consideration of the payment of a trifling sum, then he can avail of them only by a direct proceeding in equity to set aside the re-

lease. *George* v. *Tate*, 102 U. S. 564. The replication to the second and third pleas must therefore be held bad on demurrer.

The fourth and fifth pleas set forth an accord and satisfaction and the payment of a specific sum agreed upon between plaintiff and defendant to be received by the former in full settlement of his claim. The replication neither admits nor denies the receipt of this sum. To that extent, therefore, it does not meet the issue tendered by the pleas. The replication, moreover, contains long averments to the effect that the plaintiff was induced to agree to the settlement of his claim in the manner set forth by fraud and imposition. This is merely pleading evidence. If, through any fraudulent practices of the defendant, the plaintiff was so deceived as to the character and condition of his claim against defendant that the minds of the parties did not in fact meet,—in other words, that there was no accord and satisfaction,—such facts may be shown under a replication joining issue upon the defense raised by the plea.

Demurrer to replication sustained, with leave to file a new replication within 20 days, if so advised.