JOHNSON v. MERRY MOUNT GRANITE CO.

(Circuit Court, D. Massachusetts. November 15, 1892.)

No. 3,636.

1. PLEADING—EQUITABLE DEFENSES IN ACTIONS AT LAW.

St. Mass. 1883, c. 223, § 14, authorizing equitable defenses to be set up in actions at law, being limited to the superior courts, is not a general rule

of practice in the state, and not binding upon the federal courts; and, moreover, its enactment shows that it is still the general law in Massachusetts that, ordinarily, defenses valid only in equity cannot be set up in common-law actions.

2. RELEASE AND DISCHARGE—RESCISSION—TENDER.
 A release under seal of plaintiff's cause of action for a money consideration is a complete bar in this court to an action at law, even though fraud is alleged in obtaining the same, and especially so unless it be shown that the consideration was tendered back before the action was commenced, or that defendant was non compos mentis when he executed the release, and that his mental unsoundness was of a nature which prevented him from understanding the character of the transaction.

3. SAME—IMPEACHMENT OF RELEASE.
 On the trial of an action at law to recover damages for personal injuries defendant offered in evidence a release in full, signed by plaintiff. Plaintiff thereupon offered to prove certain facts impeaching the release, one clause of the offer being "that the alleged release is not the plaintiff's contract." Held, that this offer was too general to merit the attention of the court.

At Law. Action by Andrew Johnson against the Merry Mount Granite Company to recover damages for a personal injury. At the time of the injury plaintiff was on land adjoining the quarry, but not owned by the granite company, and was struck by a stone thrown from the quarry by a blast. There was a jury trial, and, after the evidence for both sides was in, defendant offered a written release, signed by the plaintiff. The jury was thereupon temporarily excused until the questions of law arising upon the release were disposed of.

John E. Hanly, J. F. Libby, and W. B. Grant, for plaintiff.
James E. Cotter, for defendant.

PUTNAM, Circuit Judge. During the progress of this case on Thursday last it became apparent that very important questions of law arose which might take the case from the jury, or, if it went to the jury, would fundamentally affect the rules on which it would be submitted. Therefore, the jurors were excused until this morning, and on Friday the questions involved were carefully and thoroughly argued by counsel for the plaintiff and defendant. The conclusions which I have reached require me to express my views on only one question.

The defendant has offered a release by the plaintiff, which clearly covers this cause of action, and was executed September 18 or 19, 1891,—a few days before the bringing of this suit, which was October 3, 1891. The execution of the release was duly proved by the attesting witnesses. It is conceded that simultaneously with the release the plaintiff received $310, and that at no time prior to the putting of the release in evidence was this $310, or any part of it, repaid or tendered to the defendant. The plaintiff makes an offer to prove certain facts for the purpose of impeaching the release. He also offers to show that neither the plaintiff nor his counsel knew the terms of the release until it was introduced in evidence, and he "now offers to return the money paid under the said agreement in writing, together with interest from the date of payment." The first clause in the offer is in the following words: "That the alleged release is not the plaintiff's contract." This is too general in its

terms to require the consideration of the court. The discharge, or paper of settlement, is under seal, and a release by a writing obligatory in due form of the most solemn character. Its execution was admittedly accompanied by the payment of a substantial sum of money, which went in fact into the hands of the plaintiff and his personal possession. There is no offer to prove that the instrument was not technically executed,—that is to say, was not signed, sealed, and delivered by the plaintiff; or that he in fact signed his name to one piece of paper, substituted by fraud for another which he supposed he was signing and intended to sign. Neither is there any effort to prove legal duress, nor anything else which, according to the ordinary rules of the common law, would prevent this release from being held as the plaintiff's deed, unless it be the matters which I will hereafter consider.

In Trambly v. Ricard, 130 Mass. 259, cited by the plaintiff, the supreme court of this state seems to hold that, in a common-law suit, the party executing a deed may disaffirm it by showing that his signature was obtained by fraud; but the only federal case cited in that opinion is Selden v. Myers, 20 How. 506, which was in equity, and all the cases which I have been able to find, decided by the supreme court of the United States, have been in equity. Some of them will be referred to further hereafter. In this connection I will observe that the plaintiff cites Massachusetts Statutes of 1883, c. 223, § 14. The effect of this citation is against the plaintiff, and not in his favor; as it shows that it is still the law in Massachusetts that defenses which are ordinarily valid only in equity, cannot be set up in common-law courts in this state without statute authority. This statute, being limited to the superior court, is not a general rule of practice in Massachusetts tribunals, by which the federal courts are bound. Moreover, the law seems to be well settled that the federal courts are not bound by the local practice dividing jurisdiction between common-law courts and courts sitting in equity.

There are only two questions: First, whether the release is void or voidable on the ground that the plaintiff was of unsound mind as known to the law; and, second, whether it is voidable on the ground that the plaintiff was of weak intellect, enfeebled by the injuries which he received, and was imposed on, or by any improper methods induced to make an adjustment for an inadequate consideration. So far as the former is concerned, it must be shown that the plaintiff was non compos mentis,—that is, unsound in some one of the phases known to the law; and also that his unsoundness was of a character which prevented him from understanding the nature of the transaction resulting in the release. If this mental condition existed with the qualifications stated, it seems to be the law of Massachusetts that it can be set up as a defense to the release, without either tendering or returning the consideration. The plaintiff's offer to prove does not cover the proposition of mental unsoundness, or non-compos mentis, and can be sustained, if at all, only in connection with the second proposition which I have stated.

I think this latter issue cannot be made in this district in a suit at common law; and that, if the state of facts is as claimed by plaintiff,

plaintiff's only remedy is by a bill in equity to set aside the release. The nature of such a proceeding, and the character of the facts necessary to be proven in it, are very well stated in Allore v. Jewell, 94 U. S. 506, and Conley v. Nailor, 118 U. S. 133, 6 Sup. Ct. Rep. 1001, and the other case in the supreme court already referred to. This defense seems to have no place in a court of common law, and to involve states of facts too complex to be properly weighed and passed on by a jury. Indeed, they frequently involve the balancing of one equity against another in a manner which a jury is not, in presumption of law, qualified to do.

In a late edition of the second volume of Greenleaf's Evidence, and also in a late edition of Chitty's Pleadings, fraud, as well as duress, is given as a defense under the plea of non est factum; and in this edition of Chitty, Whelpdale's Case, found in 5 Coke, 119, is cited in the notes as an authority. In the second edition of Chitty on Pleadings the defense of fraud is not listed; nevertheless, Whelpdale's Case is cited, and an examination of it will show that it touches only infancy, duress, and deeds void by act of parliament, and does not include the defense of fraud. Some decisions have been cited from courts in states where, under Codes, there are mixed systems of law and equity; and therefore these cases are not in point, and they would hardly bind this court if they were. Also the plaintiff has cited Trambly v. Ricard, 130 Mass. 259, to which I have already referred. He has also cited Larrabee v. Sewall, 66 Me. 376, and states that the printed case shows—what the report does not show—that the instrument of discharge was a formal release under seal. Nevertheless, this question was not considered by the court, but the court describes the instrument merely as a "discharge;" and it is apparent from the case that the facts touching the obtaining of the discharge were proven without the question now under discussion being raised. Moreover, the discharge or release in that case was obtained after suit was brought. According to the English practice, such releases are regarded as somewhat subject to the control of the court,—a principle which does not apply to releases before action brought, and which latter stand on the common law. Indeed, the rule in England that if the party who objects to a release given after suit commenced does not apply to the court to set it aside, "the judge at the trial must give it effect, and can only regard the legal rights of the parties," strongly supports the views herein expressed. 2 Chit. Cont. (11th Amer. Ed.) p. 1154.

However, it must be admitted that, on account of want of careful discrimination in the various directions which I have suggested, late text writers, and even courts of common law, have not always distinguished between the remedy in equity and that at common law, when fraud is alleged as an answer to a release under seal or other deed; and so I prefer to rest the case upon the fact that the amount received by the plaintiff was not repaid, or tendered back, before suit was commenced. That the law of this state requires this is positively settled in Brown v. Insurance Co., 117 Mass. 479, and Mullen v. Railroad Co., 127 Mass. 86, and was evidently the theory of the court in Maine in Larrabee v. Sewall, 66 Me. 376, cited by the plaintiff. In Snow v. Alley, 144 Mass. 546, 551, 11 N. E. Rep. 764, it is said that

where the consideration given is a mere promissory note, it need not be tendered back until the trial, because it has itself no intrinsic value; but nothing in this case contravenes the earlier decisions referred to. The plaintiff cites two cases, one from Minnesota, (Sobieski v. Railroad Co., 42 N. W. Rep 863,) and one from Massachusetts, (Mullen v. Railroad Co., 127 Mass. 86.) These were peculiar, and not analogous to this at bar, because each involved a question as to a secondary fact, namely: In one the party attacking the settlement claimed that the money was received by him on account of wages which he alleged to be due him, and in the other that it was received as a mere gratuity. In other words, in each case there was evidence for the jury that the money paid was not on account of the settlement. I therefore hold that the evidence which the plaintiff offers is not admissible, and exclude it, saving to the plaintiff his exceptions, if he desires them. Without undertaking to express any views of a conclusive character touching the case at bar, it seems to me that there is sufficient suggestion of the impairment of the plaintiff's normal intellectual condition through the severe injury which he received, in connection with the fact that the settlement was brought about in the absence of his counsel, to justify this court in continuing this cause on proper terms, in order that the plaintiff may have the opportunity of filing a bill in equity attacking the release, if he so desires. Therefore I give the plaintiff his option to take a continuance, as suggested, or take my ruling on his offer to prove, reserving his exceptions.

NOTE. The plaintiff elected a continuance, and the following order was made: The plaintiff to file a bill in equity, as suggested by the opinion, and prosecute with diligence, in the judgment of the court, or case to be nonsuited at May term next. Plaintiff to recover no costs accruing before May term next.