## MESSINGER v. NEW ENGLAND MUT. LIFE INS. CO.

(Circuit Court, W. D. Pennsylvania. January 15, 1894.)

No. 35.

RELEASE AND DISCHARGE—BAR TO ACTION AT LAW—EVIDENCE OF MISTAKE.
In an action at law in a federal court evidence is not admissible to show that a release, which, on its face, constitutes a complete bar to the action, was given under a mistake of fact, such as, in equity, would require its rescission or cancellation.

At Law. Action by I. N. Messinger, administrator d. b. n. of the estate of Joseph C. Raudenbush, against the New England Mutual Life Insurance Company. On motion for a new trial. Denied.

D. W. Cox, Lorenzo Everett, and S. C. McCandless, for plaintiff.
A. A. Leiser and Shiras & Dickey, for defendant.

BUFFINGTON, District Judge. This is a motion for a new trial. The suit was upon a policy issued by the defendant company for $15,000 upon the life of Joseph C. Raudenbush, of whom the plaintiff is administrator d. b. n. By its terms the "policy shall be void if the assured shall die by his own hand or act, whether sane or insane, within three years from the date thereof; but the company agrees to pay upon the policy thus voided the net reserve held against it, reckoned according to the legal standard of Massachusetts." The decedent died within three years. In defense there was offered and received in evidence a sealed release, executed by the former administrator, and acknowledging receipt of $755 23/100, "in full satisfaction and discharge of all claims and demands under policy" aforesaid. In rebuttal, the plaintiff offered to show by the wife of decedent that Raudenbush had not committed suicide, but had died from a pistol shot accidentally inflicted by himself, and that the settlement had been mistakenly made by the administrator under the belief he had committed suicide. To this evidence objection was made and sustained, and the evidence was refused on two grounds: First, that the release could not be attacked in an action at law, but only on the equity side of the court; and, secondly, that, if allowable on the law side, the evidence proposed was not sufficient to warrant the cancellation of the release under the facts of the case. Our conclusions were recited in binding instructions for the defendant, and we see no reason to question the action thus taken. That equitable relief must be sought on the equity side of the federal courts is a proposition too well established to require citation of authorities. That rescission or cancellation is the subject of equitable jurisdiction is equally well established. As the court said in Ivinson v. Hutton, 98 U. S. 82:

v.59F.no.5—34

"Courts of equity have jurisdiction * * *. If the instrument was executed in ignorance or mistake of facts material to its operation, the error may be corrected, or the erroneous transaction may be rescinded. * * * Power to reform written contracts for fraud or mistake is everywhere conceded to courts of equity, and it is equally clear that it is a power which cannot be exercised by common-law courts. Hearne v. Insurance Co., 20 Wall. 490."

The same doctrine is laid down in the text-books. Bisp. Eq. (1st Ed.) § 31, p. 41.

Such being the law, we inquire whether the paper offered was of a character to require cancellation or rescission. On this point we are clear. The policy in suit was payable, in case of death, to the decedent's "executors or administrators," so that in his administrator was vested the right of action at his death. By the death of the insured the question of the company's liability was raised. The cause, mode, and facts concerning his death were necessary subjects for inquiry. If it was caused by accidental means, the administrator was entitled to recover the whole amount from the general funds of the company; if by suicide, then the policy was void, and a portion of the reserve fund only was recoverable. Presumably these inquiries were duly made, and an agreement reached by which the administrator received some $700 from the reserve fund, and released all claims arising under the policy; the language of the release being that said sum was received "in full satisfaction and discharge of all claims and demands under policy No. 83,471, by reason of the death of Joseph C. Raudenbush, the insured." This instrument, made by the representative of the deceased under seal, acknowledging and reciting the payment of money thereon, standing alone and unrepudiated, formed a complete legal defense to any claim under the policy. Manifestly, such an instrument must be canceled or rescinded before a recovery could be had, enforcing claims which the administrator had once released. Such effort to rescind was never made by the first administrator. The release remained unimpeached during his life, and for more than a year after it was made. Nor did his successor in the trust repudiate it by bill filed, or tender back the money paid upon it. Standing thus unimpeached, it formed an insuperable barrier to a recovery upon the policy in a suit at law. To permit its rescission or cancellation on the law side of the court would be to trench upon the exclusive jurisdiction of a court of equity.

The motion for a new trial is refused, and the clerk is directed to enter judgment upon the verdict.