### KOSZTELNIK v. BETHLEHEM IRON CO.

(Circuit Court, E. D. New York. November 12, 1898.)

1. PLEADING—DENIAL OF EXECUTION OF RELEASE—VERIFICATION ON INFORMATION AND BELIEF.

Where it is shown that a plaintiff is unable to read the English language, he will be permitted to deny the execution of a release pleaded by defendant, and written in English, on information and belief; nor will a second paragraph of the reply be stricken out which alleges that, if he executed the release, he did so in ignorance of the nature of the instruments, and by reason of the fraudulent misrepresentations of defendant as to its contents.

2. RELEASE—AVOIDANCE FOR FRAUD—DEFENSE IN ACTION AT LAW.

A plaintiff may show fraud touching its execution to avoid a release pleaded as a defense in an action at law, but not fraud inducing him to enter into contract of release, which is an equitable defense.

On Motion Attacking Sufficiency of Reply.

Catlin & Nekarda, for plaintiff.
Lord, Day & Lord, for defendant.

THOMAS, District Judge. This action is brought by the plaintiff to recover for personal injuries alleged to have been received by reason of the negligence of the defendant. The answer alleges as a separate defense that the plaintiff, for a valuable consideration, executed a release, discharging the cause of action. Upon the defendant's motion, the court directed the plaintiff to reply to this defense. Thereupon a reply was served by the plaintiff, which contains two subdivisions, as follows:

"First. He denies on information and belief all the allegations in said second defense contained. Second. For a further reply to said defense, plaintiff alleges that, if the instrument in writing described in said answer was signed

or executed by him, his signature thereto was obtained by the fraud and misrepresentation of defendant's agents, in suppressing and concealing from him the fact that the same was a release, and in falsely misrepresenting the contents of the same to the plaintiff, and in inducing plaintiff to sign the same without knowledge of its contents, he being unable to read said paper, by reason of his ignorance of the English language; and the said instrument 'was executed in consequence of such fraud and misrepresentation, and not otherwise."

A motion is now made "for an order striking out paragraph 1 of the reply as sham, and for a judgment upon the remainder of the said reply as frivolous." It appears from the evidence presented upon this motion that the plaintiff is unable to speak or read the English language; but the defendant's evidence tends to show that the release, which was in the English language, was at the time of its execution read to the plaintiff in his native tongue, and the nature of the contents thereof explained; that the plaintiff thereupon stated that he understood it, and that it was satisfactory; and that he forthwith signed the same; and that the plaintiff received the sum of $50 in money as a consideration for said release. It is urged on the part of the plaintiff that, on account of his ignorance of the English language, he can only deny upon information and belief that he executed the release. By reason of the peculiar facts stated in this case, it is sufficient that the denial of the release is upon information and belief.

The second subdivision of the reply is but a statement that, if the plaintiff's information and belief be incorrect, nevertheless he was induced to execute the release by false representations as to its contents, and as to the nature of the paper presented to him for signature. It will be observed that the charge of fraud relates simply to the execution of the paper, and not to any facts or circumstances inducing to the contract. It may be that the plaintiff could prove under the first subdivision whatever would be permitted in avoidance of the release in an action at law; but, as no harm arises from the amplification of the reply as contained in the second paragraph, there is no occasion for adjudging it frivolous, even if it could be deemed redundant.

Under the pleadings as they now stand, upon proof of the release on the trial, the plaintiff will be permitted to show any fraud touching the execution of the instrument, but will not be entitled to show that he was induced to make the contract of release by fraudulent representations, which would constitute an equitable, and not a legal, defense. Shampeau v. Lumber Co., 42 Fed. 760; George v. Tate, 102 U. S. 564, 570. If the plaintiff seeks to avoid the release by reason of false representations, whereby he was induced to make the contract, he must pursue his remedy by a suit in equity. It does not appear to the court that the reply is sham, or that the second subdivision thereof is frivolous, or, under the facts presented, inconsistent with the first subdivision. The motion is denied.