## SUCH v. BANK OF STATE OF NEW YORK.

(Circuit Court, S. D. New York. January 2, 1904.)

1. EQUITY JURISDICTION—ADEQUATE REMEDY AT LAW—AVOIDING INSTRUMENT FOR FRAUD.

A receipt in full, in the nature of a release, but not under seal, may be avoided at law in a federal court for fraud inducing the settlement pursuant to which it was given, and does not entitle the maker to resort to equity for its cancellation.

In Equity. On demurrer to bill.

Robt. Ludlow Fowler, for demurrer.
Robt. L. Harrison, opposed.

WALLACE, Circuit Judge. Upon the facts set forth in the bill, the complainant has an adequate remedy at law by an action of trover or replevin to redress the conversion by the defendant of the 1,500 shares of stock pledged by the complainant, and sold by the defendant, as is alleged, in violation of the conditions of the pledge, unless he is precluded from assailing in an action at law, upon the ground of fraud and misrepresentation, the settlement made by him with the defendant.

The bill alleges that the complainant, relying upon certain statements made on behalf of the defendant, that "said stock had been actually sold on the New York Stock Exchange, and had not been purchased by any one connected with said bank, and that said bank was acting within its rights in the sale of said stock," and believing that he would otherwise lose the sum of $48,000, accepted and received from the defendant the sum of $24,000, and "signed and delivered to said defendant a receipt in full settlement of all transactions with the bank to date," and, amongst other relief, prays that the settlement be declared null and void.

If the receipt thus alleged to have been given had been a release under seal, it is plain that upon the authorities which control in this court the complainant would have to resort to the equity side of the court to avoid its effect upon the ground of fraud. In Hartshorn v. Day, 19 How. 222, 15 L. Ed. 605, the court said:

"The general rule is that, in an action upon a sealed instrument in a court of law, failure of consideration or fraud in the consideration, for the purpose of avoiding the obligation, is not admissible as between the parties and privies to the deed, and more especially where there has been a part execution of the contract. The difficulties are in adjusting the rights and equities of the parties in a court of law; and hence in the states where the two systems of jurisprudence prevail—of equity and the common law—a court of law refuses to open the question of fraud in the consideration, or in the transaction out of which the consideration arises, in a suit upon the sealed instrument, but turns the party over to a court of equity, where the instrument can be set aside upon such terms as, under all the circumstances, may be equitable and just between the parties."

In George v. Tate, 102 U. S. 564–570, 26 L. Ed. 232, the action was upon a bond, and the defendant sought to establish that its consideration was induced by false and fraudulent representations. The court said:

"It is well settled that the only fraud permissible to be proved at law in these cases is fraud touching the execution of the instrument, such as misreading, the surreptitious substitution of one paper for another, or obtaining by some trick or device an instrument which the party did not intend to give. The remedy is by a direct proceeding to avoid the instrument."

These are the only cases in which the question has been considered by the Supreme Court. Following these decisions, the rule obtains in this circuit that to avoid the effect of a release under seal by one who alleges that it was obtained by fraud relating to the consideration, and not merely to the execution of the instrument, resort must be had to a court of equity. Shampeau v. Connecticut River Lumber Co. (C. C.) 42 Fed. 760; Kosztelnik v. Bethlehem Iron Co. (C. C.) 91 Fed. 606. A contrary decision by the Circuit Court of Appeals for the Sixth Circuit (Wagner v. National Life Insurance Co., 90 Fed. 395, 33 C. C. A. 121), and another by Judge Shiras (Vandervelden v. Chgo. & Northwestern Ry. Co. [C. C.] 61 Fed. 54), have been cited. If these decisions were directly in point, this court ought not to follow them, in view of the decision of the Supreme Court, and decisions in this circuit. But in the Wagner Case the release was not sealed, but was a receipt in substance similar to the one in this case; and although the court, in its opinion, made no distinction between a sealed and an unsealed release, it nevertheless took occasion to approve the language

of Judge Lurton in a previous opinion of the court (Lumley v. Wabash Railroad Co., 76 Fed. 66, 22 C. C. A. 60), in which he made that distinction. In the Vandervelden Case the release was not a sealed instrument, but by the statute of the state in which it was executed, and in which the case was tried, instruments under seal and those not under seal are of equal formality; and the opinion proceeded upon the theory that the distinction between instruments under seal and those not under seal existing at common law had been abrogated by the statute.

The receipt in the present case is not under seal, and is not a technical release. It does not purport to be a release per se, but it is evidence of a settlement or accounting and satisfaction between the parties. So far as it is merely a receipt, it does not conclude the complainant, but so far as it evidences a contract its terms are not open to contradiction by oral proof. Its consideration may be attacked for fraud as conveniently in a court of law as in a court of equity. Relief by cancellation is unnecessary, and could in no way benefit the complainant. Except when special reasons require the cancellation of an instrument for the future protection of the party, the courts of the United States will not entertain jurisdiction in equity upon the ground of fraud in the consideration of the instrument. Insurance Co. v. Stanchfield, Fed. Cas. No. 6,660, 1 Dill. 424, was a case where an insurance company sought by a bill in equity to enjoin an action at law on an insurance policy, and to cancel the same because it was procured by false and fraudulent representations; and the bill was dismissed because founded upon matters which, if true, were a defense to an action at law. Boyce v. Grundy, 3 Pet. 210, 7 L. Ed 655; Insurance Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501. In Buzard v. Houston, 119 U. S. 347, 7 Sup. Ct. 249, 30 L. Ed. 451, the bill sought to set aside the written assignment of a contract alleged to have been obtained by fraudulent representations and restore the complainant to his original contract, but the court dismissed the bill because the remedy at law was adequate. The court said:

"If the exchange of the contracts was procured by the fraud alleged, it would be no more binding upon the plaintiffs at law than in equity; and in an action of deceit the plaintiffs might treat the assignment of the contract as void, and, upon delivering up that contract to the defendant, recover full damages for the nonperformance of the original agreement. * * * A judgment for pecuniary damages would adjust and determine all the rights of the parties, and is the only redress to which the plaintiffs, if they prove their allegations, are entitled."

There is no more reason why the party who has executed an instrument like the receipt in the present case should be precluded in a court of law to show fraud in its consideration than there is where the maker of a promissory note, who asserts fraud in the consideration, should be precluded. In the absence of any decision by the Supreme Court or by this court that a party who by a false representation has been induced to make a unilateral agreement in the nature of a release, not under seal, cannot avoid it at law, the conclusion is reached that the complainant is not entitled to resort to equity to vacate the receipt given to the defendant.

The demurrer is sustained.