## SIMPSON v. PENNSYLVANIA R. CO.

(Circuit Court of Appeals, Third Circuit. February 19, 1908.)

### No. 68.

1. RELEASE—CLAIM FOR PERSONAL INJURY—ADMISSIBILITY AS EVIDENCE.

In an action at law for personal injury, it was no valid objection to a written release of liability offered in evidence by defendant that plaintiff did not know, when he signed it, that it was a general release, or that he had sustained any physical or personal injury; it not appearing that the release was obtained by fraud or misrepresentation, or that plaintiff was not in full possession of his faculties when he executed it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Release, §§ 30–32.]

2. WRIT OF ERROR—HARMLESS ERROR—JUDGMENT.

Since a sealed release of defendant's liability for injury to plaintiff, not obtained through fraud nor misrepresentation, nor while plaintiff was not in full possession of his faculties, was a bar to an action for such injury, and entitled defendant to immediate judgment, plaintiff was not prejudiced by a reservation made and considered by the court before entering judgment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4033–4036.]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Samuel J. Graham, for plaintiff in error.
M. W. Acheson, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and CROSS, District Judge.

DALLAS, Circuit Judge. This was an action by the plaintiff in error to recover for personal injury which he alleged he had suffered by reason of the negligent operation of a train of the defendant railroad company, upon which he was a passenger. The defendant adduced an instrument under seal by which the plaintiff had expressly released unto the said railroad company all claims and demands which he had or might have against it "for or by reason of any matter, cause, or

thing whatsoever, and more especially by reason of all losses, damages, expenses of all kinds, and all claims arising in any way from personal injuries sustained by me [him] on account of the accident" referred to in the declaration. When this release was offered in evidence, its execution by the plaintiff was admitted, and his objection to its reception was put wholly upon two grounds:

"That the plaintiff did not know that he was executing a general release, and, furthermore, that he did not know at the time the release was executed that he was suffering from any physical or personal injury."

Neither of these supposed reasons for excluding the release was well founded in point of law. The proceeding was an action at law, and the court of trial was a court of law. There was no evidence that the writing in question had been obtained by fraud or misrepresentation, or that the plaintiff was not in the full possession of his faculties when he executed it; and as "it is well settled that the only fraud permissible to be proved at law in these cases is fraud touching the execution of the instrument" (George v. Tate, 102 U. S. 570, 26 L. Ed. 232), the learned judge was clearly right in admitting the document in evidence.

Moreover, it might properly have been made the basis of a direction to the jury to render a verdict for the defendant, and consequently the case may now be disposed of precisely as if such direction had been given. As the release was a bar to the action, it entitled the defendant to immediate judgment; and hence no substantial wrong to the plaintiff could result from the reservation that was made and considered by the court prior to its entry.

The judgment is affirmed.