### DE LAMAR v. HERDELEY.

(Circuit Court of Appeals, Second Circuit. January 12, 1909.)

#### No. 122.

1. TRIAL (§ 143*)—QUESTIONS FOR JURY—CONFLICTING EVIDENCE.

It is within the province of a jury to weigh the evidence and to base a verdict for plaintiff on his uncorroborated testimony, although contradicted, and even though it involves a finding that the execution of a release was procured by fraud.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 342; Dec. Dig. § 143.*]

2. RELEASE (§ 24*)—AVOIDANCE AT LAW—FRAUD IN PROCUREMENT.

A release may be avoided for fraud in an action at law in a federal court in which it is set up as a defense, where the fraud alleged relates to its execution and goes to the question of its existence as a valid instrument.

[Ed. Note.—For other cases, see Release, Cent. Dig. § 44; Dec. Dig. § 24.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Frank Verner Johnson, for plaintiff in error.

Lester & Graves (Harmon S. Graves, Charles S. Yawger, and Robert M. Miles, Jr., of counsel), for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

NOYES, Circuit Judge. A summary of the facts in this case appears in our opinion in 157 Fed. 547, 85 C. C. A. 209. It is unnecessary to re-examine them in passing upon the present assignments of error.

It is urged, in the first place, that the trial court should have directed a verdict for the defendant because the plaintiff's contention was unsupported by any evidence other than his own testimony, which was contradicted by that of other witnesses. But the jury had the right to base their verdict upon the uncorroborated testimony of the plaintiff. It was for them to weigh the evidence.

The second contention is that the testimony offered by the plaintiff should not have been received for the purpose of showing that he had been induced by false and fraudulent representations to execute the release set up by the defendant. The gist of this contention is that the release was valid until canceled in a suit in equity. This contention is not well founded. The fraud sought to be proved went to the question whether the instrument ever had any legal existence as a release. The plaintiff admitted that he signed the paper, but claimed that he did not execute it as a release. The evidence offered related to the execution of the instrument, and it was unnecessary to resort to a court of equity. There was no error in receiving it. Such v. State Bank (C. C.) 127 Fed. 450. See, also, George v. Tait, 102 U. S. 564, 26 L. Ed. 232; Hartshorn v. Day, 19 How. 211, 15 L. Ed. 605.

The third contention is that the evidence offered by the plaintiff to show fraud in the execution of the release was not of that clear and convincing character required to annul written instruments. But here again it was within the province of the jury to weigh the evidence. If they believed the plaintiff's testimony, they were justified, in view of all the circumstances, in sustaining his claim of fraud.

The final contention is that the trial court erred in declining to charge that the plaintiff was guilty of such gross negligence in signing the release without obtaining an explanation of its meaning as to estop him from avoiding it upon the ground that he was ignorant of its contents. We think, however, that the plaintiff was justified in relying upon the statements of the interpreter furnished by the defendant. The situation of the parties was such that the defendant was not entitled to the instructions asked for.

The judgment of the Circuit Court is affirmed.