### WILLIAMS v. MASON et al.

(District Court, S. D. Florida. May 19, 1923.)

No. 1255.

1. **Trial ⊂⊃4—Equitable defense interposed by plea raises preliminary issue.**

Where an equitable defense is interposed by plea in an action at law pursuant to Judicial Code, § 274b (Comp. St. § 1251b), it raises an issue to be first considered and determined in accordance with the rules of chancery procedure.

2. **Estoppel ⊂⊃68(2)—Party is estopped to take inconsistent positions in litigation.**

In an action on notes executed by a decedent, it is a good defense that plaintiff brought a prior suit based on the ground that said decedent was mentally incompetent from a time prior to the execution of the notes until his death.

3. **Courts ⊂⊃342—Plea held to set up a defense which, if sustained, entitled defendants to equitable relief.**

In an action against administrators on notes purporting to have been executed by their decedent, a plea alleging that decedent did not execute the notes, and praying that they be delivered up and canceled, *held* appropriate, under Judicial Code, § 274b (Comp. St. § 1251b), as in effect a bill for equitable relief.

4. **Courts ⊂⊃347—Demurrer does not lie to equitable plea in an action at law.**

Under equity rule 29 (198 Fed. xxvi; 115 C. C. A. xxvi), a demurrer will not lie to an equitable plea interposed in an action at law, but its sufficiency may be attacked by motion to strike.

At Law. Action by C. L. Williams, receiver of the Heard National Bank, for use of Norman D. Suttles, against George H. Mason and Thomas J. Mason, administrators. On demurrer to, and motion to strike certain pleas. Demurrer overruled, and motion denied.

John W. Dodge, of Jacksonville, Fla., for plaintiff.

Kay, Adams & Ragland, of Jacksonville, Fla., for defendants.

CALL, District Judge. February 7, 1921, C. L. Williams, as receiver of the Heard National Bank of Jacksonville, filed his declaration against George H. Mason and Thomas J. Mason, as administrators de bonis non cum testamento annexo of the estate of Harry Mason, deceased. Such proceedings were had that on February 26, 1923, an amendment was filed making Norman D. Suttles usee plaintiff, showing that since the commencement of the action and during its pendency said Suttles had acquired the causes of action (promissory notes) by purchase frim the original plaintiff. Thereupon the defendants, on March 8, 1923, filed certain pleas.

The declaration contains eight counts on eight promissory notes. Counts 1, 2, 3, and 4 declare on notes dated November 9, 1916, payable on demand. Counts 5, 6, 7, and 8 declare on notes dated May 15, 1916, payable on demand. The last-mentioned notes bear on the back a notation of payment of interest to September 1, 1916. Each of these notes, except the one sued on in count 8, appear to have been made by George H. Mason and indorsed by H. Mason. The note sued on in the eighth count bears the name of H. Mason as maker and George H. Mason as indorser.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

To the first seven counts the defendants interposed 11 pleas at law and to the eighth count 3 pleas at law. To the pleas to the first 7 counts and the pleas to the eighth count the plaintiff files a demurrer and motion to strike, except the first plea to first 7 counts and the first and second pleas to the eighth count. In addition to these pleas at law, the defendants filed an equitable plea to each of the 8 counts. To this equitable plea a demurrer, motion to strike, and a motion to strike certain parts of same was filed.

[1] I first take up the motions and demurrer to the equitable plea, because, if this plea is sustained, the equities therein pleaded must first be disposed of. Liberty Oil Co. v. Condon Nat. Bank, 43 Sup. Ct. 118, 67 L. Ed. ——. In other words, as I understand the effect of section 274b of the Judicial Code, and the decision above referred to, it is to make the equitable plea perform the function of a bill in chancery, and if the same is sustained by the proofs prevents the plaintiff in the common-law action from recovering, and the question therein raised is to be decided according to the chancery procedure, not the common law. The equities pleaded in the plea are, first, estoppel; and, second, the delivery up and cancellation of the promissory notes in suit, and other obligations therein mentioned, given by George H. Mason individually.

[2] The allegations relied upon to support the first equity may be shortly stated as follows: That usee plaintiff acquired from the original plaintiff in the action at law the judgment heretofore entered in this court against George H. Mason on these same notes as maker and indorser, the notes themselves, and all collateral held by the plaintiff to secure the payment of same; that prior to the time he was made usee plaintiff by amendment he brought suit in the circuit court in and for Duval county, Fla., against the defendants and others, on the chancery side of said court, averring his purchase of the judgment against George H. Mason, the issue of execution thereon and return of nulla bona, and seeking to subject certain interests averred to be in said George H. Mason in certain properties, title to which was in Harry Mason in his lifetime, upon the theory that Harry Mason, the father of George H. Mason, was during the years 1914 and 1915, and subsequent thereto, an imbecile in body and mind, and suffering with complete loss of memory as to all business obligations; in effect, that from the year 1914 until his death he was without mental capacity to make any binding contract. The bill of complaint was duly sworn to by plaintiff. The notes in suit appear to have been executed in 1916. Do these facts constitute an equity? It is the settled law, as I understand it, that a party may not take inconsistent positions in a litigation; that he is bound by his election of the theory upon which he seeks recovery. The defendants contend that the position taken in the bill of complaint that Harry Mason was non compos mentis at the time the notes in suit appear to have been indorsed and made, respectively, estops him from now in this action maintaining the contrary. Such contention seems to me well taken. Prior to the adoption of section 274b of the Judicial Code (Comp. St. § 1251b), this defense would have been necessarily made by bill in chancery, but is now available to the defendant by equitable plea.

[3] The second equity averred in defendant's plea is based on allegations showing the giving of certain collateral securing said notes, the fact that Harry Mason did not make or indorse said notes, respectively, and had no knowledge of same, and prays for affirmative relief in having the same, together with other obligations given by George H. Mason individually, delivered up and canceled.

This, also, in my judgment, states an equity. While the fact that Mason did not make the note or indorse the others in suit could be shown in the law action, yet the relief thereby afforded would not be as complete and full as that afforded by a cancellation of same, and this want of fullness and completeness is sufficient for equity to retain jurisdiction of the subject-matter; in addition to this, the averments of the plea make a case for removal of cloud from the title of deceased. The motion to strike the equitable plea will be denied.

The plaintiff moves, also, to strike certain portions of the plea. The first—on page 5 of the plea, eighth line, beginning with the words "Defendants further aver," to the end of the paragraph on said page —will be granted. The fact that others may be interested with the plaintiff, the assignee of the choses in action, can have no material bearing on the question of whether the plaintiff is estopped, and the estoppel as to him would bind any of his privies. The second and third motions will be denied.

[4] Since the adoption of rule 29 of the Equity Rules (198 Fed. xxvi, 115 C. C. A. xxvi), abolishing demurrers and requiring all defenses to be made by motion or in the answer, it does not seem to me that a demurrer is applicable to equitable pleas. For that reason I have taken up the motions to dismiss in the present case. The motion, as I understand it, performs the function of a demurrer prior to the adoption of the Equity Rules.

The demurrers to and motions to strike the pleas at law are reserved for further consideration.