## PRINGLE v. STORROW et al.

(District Court, D. Massachusetts. December 8, 1925.)

**1. Trial ⊚⟶3—Fraud inducing execution only of sealed instrument can be shown in trial by jury.**

In federal court, in trial by jury, sealed instrument can be shown to have been procured by fraud inducing its execution only, and, if fraudulent representations inducing signing is set up, evidence thereof should be heard by trial judge as a chancellor.

**2. Courts ⊚⟶335(1)—Conformity Act does not make state practice binding on federal courts exercising equitable jurisdiction.**

Conformity Act (Rev. St. § 914 [Comp. St. § 1537]) does not affect equity jurisdiction of federal courts, and state practice is not binding on them.

**3. Courts ⊚⟶335(1)—Statute obviating necessity for filing bill charging fraud in procurement of sealed instrument held not to affect equity jurisdiction of federal court.**

Judicial Code, § 274b (Comp. St. § 1251a), making it unnecessary for party complaining of fraud in relation to procurement of sealed contract to file bill in equity, does not change powers or duties of federal court in equity.

**4. Courts ⊚⟶262(1)—Rule as to cases to be tried on equity side of federal courts stated.**

Equity cases, which are to be tried on equity side of federal courts, include only those which in jurisprudence of England were so called, as contradistinguished from cases at law at time of framing Constitution.

**5. Courts ⊚⟶347 — Federal court in Massachusetts without power to order filing of replication.**

Under G. L. Mass. c. 231, § 34, and Conformity Act (Rev. St. § 914 [Comp. St. § 1537]), declaring practice in federal courts shall conform as nearly as may be with that of states in which they are held, federal courts have no power to order filing of replication, nor is such power given by Judicial Code, § 274b (Comp. St. § 1251a).

**6. Courts ⊚⟶347—Federal court in Massachusetts of its own motion may require filing of bill of particulars, though it has no inherent power to require filing of replication.**

Federal courts have no inherent power to compel filing of replication, but under G. L. Mass. c. 231, § 70, relating to power of state courts, and Conformity Act (Rev. St. § 914 [Comp. St. § 1537]), such court may of its own motion require filing of bill of particulars.

At Law. Action by John M. Pringle against James J. Storrow and others. On defendants' motion that plaintiff be required to file replication. Plaintiff ordered to file bill of particulars.

Sherman L. Whipple and E. Dwight Fullerton, both of Boston, Mass., for plaintiff.

Howard Stockton, **Jr.,** and Richard M. Russell, both of Boston, Mass., for defendant Shaw.

Charles F. Choate, **Jr.,** of Boston, Mass., for other defendants.

LOWELL, District Judge. [1] This is an action to recover for the breach of a duty owed to the plaintiff in regard to the purchase of property for investment. The defendants filed a general denial; they also pleaded a release under seal. The question raised by this motion is one of much importance in the trial of cases by jury. The answer to it depends on the examination of many authorities—their name is legion—in the federal courts. The question is whether, in a trial by a jury, a sealed instrument can be shown to have been procured by fraud. To one accustomed to the practice in the state court of Massachusetts—and the same is true of New Hampshire—the prompt answer is in the affirmative. Lyon v. Manning, 133 Mass. 439; Comstock v. Livingston, 210 Mass. 581, 97 N. E. 106; Piper v. Boston & M. R. Co., 75 N. H. 228, 72 A. 1024.

Such was the answer given by the Circuit Court of Appeals for this circuit in Manchester St. Ry. v. Barrett, 265 F. 557.

It is earnestly contended by the defendants that this decision is contrary to the law as laid down by the Supreme Court of the United States. After a careful consideration of the authorities, I have come to the conclusion that their contention is sound, and that in the federal courts a sealed instrument can be attacked only in a court of equity, if the attack be supported, not by fraud in the execution of the instrument, but by fraudulent representations which induced the plaintiff to sign it. The cases are many and various, but they will be found to depend on two distinctions: First, that between a simple contract and a specialty; and second, in the case of specialties, the distinction, already referred to, between fraud in the actual signing of the document and fraud in procuring its signature. The study of the reported cases is made more difficult by the fact that in many of them the character of the instrument before the court is not apparent. This is true of the Manchester St. Ry. Case, but I have ascertained by referring to the original papers that the release in that case was under seal. It is the only instance, so far as I am aware, where the courts taking the same view of the law as does the Circuit Court of Appeals for this circuit were dealing with sealed instruments when they delivered their opinions.

9 F.(2d)—30

The state of the law is confused, also, by the further fact that it is not always clear whether the courts intended to draw a distinction in their opinions between a sealed and an unsealed instrument. This distinction is, however, fundamental. A seal was a sacred thing at the common law. It is usually said that the difference between a simple contract and a specialty is that a seal imports consideration. But, as is pointed out by Professor Ames in 9 Harv. Law Rev. 49, this statement is not accurate. A specialty does not require consideration. A seal had a peculiar effect at the common law. It showed that the document to which it was attached was executed with studied formality, and therefore should not be lightly abrogated.

[2] Before considering the authorities, the preliminary remark should be made that, as this question relates to the equitable jurisdiction of the federal courts, the state practice is not binding on them. The Conformity Act (R. S. § 914; U. S. Comp. St. § 1537) has not affected that jurisdiction. Scott v. Armstrong, 146 U. S. 499, 13 S. Ct. 148, 36 L. Ed. 1059; Hill v. No. Pac. Ry. Co., 113 F. 914, 51 C. C. A. 544; Un. Pac. R. Co. v. Syas, 246 F. 561, 158 C. C. A. 531.

Two cases in the Supreme Court have directly passed on the point now under discussion. They are Hartshorn v. Day, 19 How. 211, 15 L. Ed. 605, and George v. Tate, 102 U. S. 564, 26 L. Ed. 232. The first related to a sealed assignment of a patent; the second to a bond. In each case it was held that fraud relating to the consideration for the sealed instrument could not be. shown in an action at law. In the first case Mr. Justice Nelson said that the court "turns the party over to a court of equity, where the instrument can be set aside upon such terms as, under all the circumstances, may be equitable and just between the parties. * * * Fraud in the execution of the instrument has always been admitted in a court of law, as where it has been misread, or some other fraud or imposition has been practiced upon the party in procuring his signature and seal. The fraud in this aspect goes to the question whether or not the instrument ever had any legal existence." 19 How. at page 223. In the second case, Mr. Justice Swayne said: "It is well settled that the only fraud permissible to be proved at law in these cases is fraud touching the execution of the instrument such as misreading, the surreptitious substitution of one paper for another, or obtaining by some other trick or device an instrument which the party did not in-

tend to give." 102 U. S. 564, at page 570.

[3] Before the passage in March, 1915, of section 274b of the Judicial Code (38 Stat. 956; U. S. Comp. Stat. § 1251a), the party who complained of fraud in relation to the procuring of a sealed contract was compelled to file a bill in equity. Liberty Oil Co. v. Condon Bank, 260 U. S. 235, 243, 43 S. Ct. 118, 67 L. Ed. 232; Vandervelden v. Chic. & N. W. Ry. Co. (C. C.) 61 F. 54; Kosztelnik v. Bethlehem Iron Co. (C. C.) 91 F. 606; Riggs v. Gillespie, 241 F. 311, 154 C. C. A. 191.

This is not now necessary, but the powers and duties of a federal court in equity have not thereby been changed. Liberty Oil Co. v. Condon Bank, 260 U. S. 235, 43 S. Ct. 118, 67 L. Ed. 232.

Most of the cases hereinafter cited arose before 1915; their reasoning, however, has not been outlawed by section 274b of the Judicial Code.

Hartshorn v. Day and George v. Tate have never been overruled. The greater weight of authority in the lower federal courts is in consonance with these decisions. Shampeau v. Conn. Riv. Lumber Co. (C. C.) 42 F. 760; Johnson v. Merry Mount Granite Co. (C. C.) 53 F. 569; Messinger v. N. E. Mutual Life Ins. Co. (C. C.) 59 F. 529; Vandervelden v. Chic. & N. W. Ry. Co. (C. C.) 61 F. 54; Kosztelnik v. Bethlehem Iron Co. (C. C.) 91 F. 606; Hill v. No. Pac. Ry. Co. (C. C.) 104 F. 754; Hill v. No. Pac. Co., 113 F. 914, 51 C. C. A. 544; Such v. Bank (C. C.) 127 F. 450; Heck v. Mo. Pac. Ry. (C. C.) 147 F. 775; Pac. Mut. Life Ins. Co. v. Webb, 157 F. 155, 84 C. C. A. 603, 13 Ann. Cas. 752; Simpson v. Penn. R. Co., 159 F. 423, 86 C. C. A. 403; De Lamar v. Herdeley, 167 F. 530, 93 C. C. A. 239; Un. Pac. R. Co. v. Whitney, 198 F. 784, 117 C. C. A. 392; Drobney v. Lukens Iron & Steel Co., 204 F. 11, 122 C. C. A. 325; Standard Portland Cement Corp. v. Evans, 205 F. 1, 125 C. C. A. 1; Am. Sign Co. v. Electro-Lens Co. (D. C.) 211 F. 196; Maine N. W. Development Co. v. Northern Commercial Co. (D. C.) 213 F. 103; Hogg v. Maxwell, 218 F. 356, 134 C. C. A. 164; Whitcomb v. Shultz, 223 F. 268, 138 C. C. A. 510; Cline v. So. Ry. Co. (D. C.) 231 F. 238; So. Ry. v. Clark, 233 F. 900, 147 C. C. A. 574; Du Pont v. Gardiner, 238 F. 755, 151 C. C. A. 605; Riggs v. Gillespie, 241 F. 311, 154 C. C. A. 191; Un. Pac. Ry. Co. v. Syas, 246 F. 561, 158 C. C. A. 531; Columbia-Knickerbocker Trust Co. v. Abbot, 247 F. 833, 160 C. C. A. 55; Fay v. Hill, 249 F. 415,

161 C. C. A. 389; Cavender v. Virginia Bridge & Iron Co. (D. C.) 257 F. 877.

Contra: Lumley v. Wabash R. Co., 76 F. 66, 22 C. C. A. 60; Wagner v. Natl. Life Ins. Co., 90 F. 395, 33 C. C. A. 121; K. C. So. Ry. Co. v Martin (C. C. A.) 262 F. 241; Manchester St. Ry. v. Barrett (C. C. A.) 265 F. 557; Plews v. Burrage (C. C. A.) 274 F. 881; National Aniline & Chemical Co. v. Arnhold (D. C.) 298 F. 755.

The cases which run counter to the general current of opinion may be shortly referred to. The Manchester St. Ry. Case, in this circuit, came up to the Circuit Court of Appeals from the District, of New Hampshire, and the court followed the New Hampshire practice, without its attention being called to Hartshorn v. Day or George v. Tate. The opinion did not refer to Johnson v. Merry Mount Granite Co. (C. C.) 53 F. 569, in this circuit, where Judge Putnam took a contrary view, nor to Columbia-Knickerbocker Trust Co. v. Abbot, 247 F. 833, 160 C. C. A. 55, where Judge Dodge, in delivering the opinion of the Circuit Court of Appeals for this circuit, said, at page 837:

"Had said agreements been under seal, these contentions must have prevailed, at the time the above rulings were made, according to the rule then undoubtedly established as to sealed written agreements. George v. Tate, 102 U. S. 564 [26 L. Ed. 232]."

The succeeding remark of the learned judge, that the effect of section 274b of the Judicial Code was to change equitable defenses into legal ones, has now been disapproved by Liberty Oil Co. v. Condon Bank, 260 U. S. 235, 43 S. Ct. 118, 67 L. Ed. 232. The Wagner Case, 90 F. 395, 33 C. C. A. 121, related to a contract not under seal, and is supported by the later case in the same circuit of Southern Ry. v. Clark, 233 F. 900, 905, 147 C. C. A. 574, on that ground. The learned judge who delivered the opinion in the Wagner Case, now the Chief Justice of the United States, did not refer to either Hartshorn v. Day or George v. Tate. The case of Wagner v. Insurance Co. has been considered in Hill v. No. Pac. Ry. (C. C.) 104 F. 754, Hill v. No. Pac. Ry., 113 F. 914, 51 C. C. A. 544 (same case on appeal), Such v. Bank (C. C.) 127 F. 450, and Pac. Mutual Life Ins. Co. v. Webb, 157 F. 155, 84 C. C. A. 603, 13 Ann. Cas. 752. The remark of Judge Lurton in Lumley v. Wabash R. R., 76 F. 66, at page 73, 22 C. C. A. 60, is thus referred to in the Wagner Case:

"We find no reason, therefore, to modify

the remark made by this court, speaking through Judge Lurton in Lumley v. Railroad Co., 43 U. S. App. 476, 489, 22 C. C. A. 67, and 76 Fed. 73 [22 C. C. A. 60] where he said:

" 'If the release had in fact been procured by fraud, he [the plaintiff] could have shown this at law, if the fact that the release was under seal had been out of the way.'

"The remark was perhaps not necessary to the case then before the court, but in this case, where the question calls for decision, we have no difficulty in confirming it." 90 F. 395, at pages 404, 405, 33 C. C. A. 121, 130.

The Martin Case (C. C. A.) 262 F. 241, followed Wagner v. Insurance Co., without alluding to the distinction pointed out in Southern Ry. v. Clark, above. In the Martin Case also the contract was not under seal. See 262 F. 241, at the bottom of page 243. In two other cases cited by the plaintiff— Union Pac. R. Co. v. Harris, 158 U. S. 326, 15 S. Ct. 843, 39 L. Ed. 1003, and Suravitz v. Pristasz, 201 F. 335, 119 C. C. A. 573—the evidence admitted related to the execution of the instrument.

Finally, Judge Hand, in the National Aniline Case (D. C.) 298 F. 755, makes what may fairly be described as a guess that George v. Tate is no longer law. He says:

"I am in much doubt whether the pleas in this case, * * * should as of right be tried to a jury or in equity. The difficulty is that the decisions of the Supreme Court leave it questionable whether fraud is not a good legal plea to an action at law on a written instrument, even a specialty, as is the contract in suit. * * * However, the best than can be said for the plaintiff's case is that the question is very doubtful, with the odds against it." 298 F. at page 756.

It is argued, however, that the rule laid down in Hartshorn v. Day and George v. Tate has been overruled by implication, as it is inconsistent with American Mills v. American Surety Co., 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306. At first sight this argument seems sound, and it is given weight by the fact that such was the opinion of Judge Hand in the National Aniline Case (D. C.) 298 F. 755. The learned judge points out that, although it is not so stated in the report in the Supreme Court, the case involved a bond. That case, however, was treated by the court as belonging to the class of cases on insurance policies; two of them, Phœnix Mutual Life Ins. Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501, and Cable v. U.

S. Life Ins. Co., 191 U. S. 288, 24 S. Ct. 74, 48 L. Ed. 188, being cited as controlling. The point at issue in the American Mills Case (as is pointed out by the defendants in their brief in the case at bar) was whether the defendant had waived his right to a trial on the equity side of the court. The distinction between a sealed instrument and one not under seal is not referred to. It should be noted, also, that an insurance policy, although it has a seal attached to it, is not a specialty. Hogg v. Maxwell, 218 F. 356, 134 C. C. A. 164; Mass. Protective Assn. v. Kittles (D. C.) 295 F. 572. The point now under discussion did not occur to the mind of the learned judge who delivered the opinion, as he says:

"It is conceded by the respondent that its bill in equity in the district court should have been dismissed because it had an adequate remedy at law." 260 U. S. at page 363, 43 S. Ct. 150.

[4] I have come to the conclusion, after considerable doubt, that the rule of George v. Tate is still the law, and that Manchester St. Ry. v. Barrett is therefore not binding on me. I am strengthened in this opinion by the well-known rule that in the federal courts cases in equity which are to be tried on the equity side of the court "mean those cases which in the jurisprudence of England were so called, as contradistinguished from cases at common law at the time of the framing of the Constitution." Un. Pac. R. R. Co. v. Syas, 246 F. 561, 566, 158 C. C. A. 531, 536, and cases cited. A document under seal could not be attacked at law in England until after the passage of the Common-law Procedure Act in 1854. Prof. Ames in 9 Harv. Law Rev. 49, and cases cited; Whitcomb v. Schultz, 223 F. 268, 138 C. C. A. 510.

I have been largely influenced also by the very able paper of Thomas B. Adams, Esq., of the Jacksonville bar, in the Journal of the American Bar Association for July, 1924.

This being the state of the law as I understand it, delay and expense would be saved if the issue in the present case might be clarified, and the plaintiff required to file a replication and state whether he relies on fraud in the execution of the sealed release or fraudulent misrepresentation as an inducement to signing it. If he relies on the former, he may show such evidence at the trial. George v. Tate, 102 U. S. 564, 26 L. Ed. 232; Railway Co. v. Harris, 158 U. S. 326, 15 S. Ct. 843, 39 L. Ed. 1003; Shampeau v. Conn. Riv. Lumber Co. (C. C.) 42

F. 760; Kosztelnik v. Bethlehem Iron Co. (C. C.) 91 F. 606; Simpson v. Penn. R. Co., 159 F. 423, 86 C. C. A. 403; De Lamar v. Herdeley, 167 F. 530, 93 C. C. A. 239; U. P. R. R. Co. v. Whitney, 198 F. 784, 117 C. C. A. 392; Suravitz v. Pristasz, 201 F. 335, 119 C. C. A. 573; Drobney v. Lukens Iron Co., 204 F. 11, 122 C. C. A. 325.

If the latter, it will become the duty of the trial judge to hear the evidence as a chancellor. Liberty Oil Co. v. Condon Bank, 260 U. S. 235, 43 S. Ct. 118, 67 L. Ed. 232; Un. Pac. R. R. Co. v. Syas, 246 F. 561, 158 C. C. A. 531; Cavender v. Va. Bridge & Iron Co. (D. C.) 257 F. 877; Williams v. Mason (D. C.) 289 F. 812; Huff v. Ford (D. C.) 289 F. 858. The suggestion to the contrary in Plews v. Burrage (C. C. A.) 274 F. 881, must be treated as disapproved by the Supreme Court in Liberty Oil Co. v. Condon Bank, supra.

The defendants filed their motion in order to have the question of fraud in the procuring of the release, if such be the plaintiff's contention, as the defendants predict it will be, settled in a preliminary proceeding. They rely especially on the General Laws of Massachusetts, c. 231, § 34, which gives the court power to require the plaintiff, by filing a replication, "to state what part, if any, of an answer, he admits or denies." The Supreme Judicial Court has decided that in a case like the present it is improper for the trial judge to order a replication to be filed. Comstock v. Livingston, 210 Mass. 581, 97 N. E. 106.

[5] The Conformity Act (R. S. § 914; U. S. Comp. St. § 1537) provides that the practice in the federal courts shall conform as nearly as may be with that of the states in which they are held. The federal courts are bound by the decisions of the state courts on practice acts. Atlantic & Pacific R. R. Co. v. Hopkins, 94 U. S. 11, 24 L. Ed. 48. Therefore this court is given no power by the Massachusetts act to order a replication in the present case.

Is this power given by section 274b of the Judicial Code? That section has been construed to allow the plaintiff to file a replication. U. P. R. R. Co. v. Syas, 246 F. 562,

158 C. C. A. 531; Plews v. Burrage (C. C. A.) 274 F. 881; Keatley v. U. S. Tr. Co., 249 F. 296, 161 C. C. A. 304, contra. It, however, contains no phraseology which would enable the court to require the filing of a replication.

[6] Is there any power inherent in this court, independent of statute, to require such a pleading? The only suggestion which I have been able to find is contained in a case in the District Court for South Carolina. Cline v. Southern Ry. Co., 231 F. 238. The case was an action for personal injury, and the defendant set up a release. Judge Johnson in the course of his opinion said:

"The defendant may, where his answer sets up new matter constituting a defense by way of avoidance, move the court to require a reply thereto, and, if the court shall order a replication, it is subject to all the rules of pleadings in regard to an answer; that is, the plaintiff must admit or deny or avoid the new matter so set up." 231 F. at page 240.

The passage cited is a dictum, without the support of decided cases.

The plaintiff suggests that, if any order is made at this stage of the case, the proper one would be that he should file a bill of particulars.

The General Laws of Massachusetts (chapter 231, § 70) provide that "the court may in all cases order either party to file a statement of all particulars necessary to give to the adverse party and to the court reasonable knowledge of the nature and grounds of the action." This gives the court power to require such a bill of particulars on its own motion. Oliver v. Colonial Gold Co., 11 Allen (Mass.) 283; McGurk v. Cronenwett, 199 Mass. 457, 85 N. E. 576, 19 L. R. A. (N. S.) 561; Nickerson v. Glines, 220 Mass. 333, 107 N. E. 942; Craig v. Proctor, 229 Mass. 339, 118 N. E. 647.

The requirement of a bill of particulars would seem to be the proper proceeding in this case. See Green v. Del., L. & W. R. Co. (D. C.) 211 F. 774.

Let an order be entered that the plaintiff file a bill of particulars, setting up his objections to the release.