## SKINKLE v. LEHIGH VALLEY R. CO.
### No. 5617.

District Court, E. D. New York.

May 12, 1933.

Helfat & Liebman, of Brooklyn, N. Y., for plaintiff.

Alexander & Green, of New York City (Clifton P. Williamson, of New York City, of counsel), for defendant.

BYERS, District Judge.

This is a motion for an order directing that the issues raised by the fifth paragraph of the answer and the amended reply be separately tried in the equity side of the court prior to the trial of all other issues in the action.

The action is under the Federal Employers' Liability Act (45 USCA §§ 51–59), and the plaintiff seeks to recover damages for personal injuries suffered by him while in the employ of the defendant, on December 6, 1932.

In a separate defense, the answer alleges that, on February 15, 1933, the plaintiff, for a good and valuable consideration released the defendant by a written instrument under seal.

In its amended reply, the plaintiff alleges that, on the last-named date, the defendant,

with intent to deceive and defraud the plaintiff and to coerce him into a settlement, made certain untrue statements upon which the plaintiff relied, whereby he signed a release under seal, in the belief that it was a receipt for $200.00 as an advance payment against the compensation due him under the Workmen's Compensation Law of the State of New York (Consol. Laws N. Y., c. 67); that, if the plaintiff had known that it was a release under seal, he would not have executed the paper or delivered it to the defendant, and he offers to return the $200.00 consideration paid.

There is no demand in the amended reply, as there was in the original reply, that the general release be rescinded, vacated and set aside.

It will be seen that the pleadings as now framed squarely present the issue of whether, in fact, the minds of the parties met so that, in the legal sense, a release was executed and delivered by the plaintiff to the defendant.

This issue would be properly presented in an action at law. George v. Tate, 102 U. S. 564, 26 L. Ed. 232; Union Pacific Ry. Co. v. Harris, 158 U. S. 326, 15 S. Ct. 843, 39 L. Ed. 1003; Southern Ry. Co. v. Clark (C. C. A.) 233 F. 900.

The case of Union Pacific Ry. Co. v. Syas (C. C. A.) 246 F. 561, has not been overlooked, and it may be that there is a distinction between cases in which the alleged fraud is of such a nature that the party seeking to avoid the release admits that he understood and agreed to execute and deliver such an instrument but relied upon representations which have since been shown to be untrue or have been departed from, and cases in which the contention is that he never signed a release at all, in the legal sense, because he believed that the paper which was tendered was something else, which prevented a meeting of the minds.

Whether the distinction is of substance at the present day may well be doubted. Cf. Wagner v. National Life Insurance Co. (C. C. A.) 90 F. 395, at page 404, wherein the late Chief Justice of the United States, then sitting as a Circuit Judge, said: "Our conclusion is, therefore, that it is proper in a suit at law for the plaintiff to meet a plea of release by a replication that the release was obtained by fraud, whether the fraud is in the execution, or in misrepresentation as to material facts inducing execution." ·

It is true that an instrument under seal was not there involved as in this case, but the alleged distinction is as difficult of practical evaluation in reference to a specialty as to a simple contract.

The entire subject was carefully examined in Pringle v. Storrow (D. C.) 9 F.(2d) 464, wherein probably all of the many cases were classified and discussed.

Here the plaintiff has not sought the affirmative relief of cancellation, and probably his change in pleading was deliberate and designed to avoid that which the defendant now seeks.

In the belief that the authorities are with the plaintiff, the motion will be denied. Settle order.