## HOLBROOK, CABOT & ROLLINS CORP. v. SPERLING.

(Circuit Court of Appeals, Second Circuit. January 9, 1917.)

No. 56.

ACTION ☞23—RELEASE—MISTAKE—ACTION AT LAW.

While plaintiff, in an action at law, can admit that because of fraud he signed the paper called a release, but that he did not execute it as a release, re cannot avoid a release signed by him as sucr, for omission of a provision of the contract agreed on, even if it was omitted by mutual mistake; his remedy in such case being in equity.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 146–152.]

In Error to the District Court of the United States for the Eastern District of New York.

Action by Hugo Sperling against the Holbrook, Cabot & Rollins Corporation. Judgment for plaintiff, and defendant brings error. Reversed, and remanded for a new trial.

It appeared without contradiction that Sperling had been an employé of the Holbrook Corporation, and in its service received personal injuries. For these injuries he signed a release in ordinary form, whereby he discharged the corporation from all "demands of any kind" which he then had or might thereafter have "for personal injuries, breach of contract, or any other liability whatsoever by reason of any and all matters and things" occurring on the day he was hurt. The expressed consideration for this release was a weekly allowance to be paid him until such time as he should be able to resume work. Sperling recovered and resumed his occupation with the Holbrook Company. Some six months after such resumption of work he was discharged, and then began an action against his late employer upon the same demand that he had released. That action was dismissed. He then instituted the present suit, claiming that it was a part and condition of the compromise evidenced by the release that he should be employed by the defendant for the balance of his natural life, and assigned as breach of that contract the discharge aforesaid.

Defendant denied any such contract, agreement, or promise, and alleged that Sperling's discharge was caused by his own misconduct, in that he became intoxicated and attempted to assault a fellow workman with an ax. The release was pleaded in bar of this suit, together with other defenses; but the trial court submitted it to the jury to declare whether the contract sued on had been made, and, if made, broken. Sperling had a verdict, and this writ was sued out to the judgment thereupon.

Benjamin Patterson, of New York City (George Bell, of New York City, of counsel), for plaintiff in error.

Baltrus S. Yankaus, of New York City (Frank J. Felbel, of New York City, of counsel), for defendant in error.

Before COXE, WARD, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). This action is at law, and the complaint does not attempt to allege fraud. The plaintiff below can read and write, and admitted that he had read at least a portion of the release he signed, but averred that it did not represent all of the promises made to him by the representative of his employer who settled the claim, viz. it omitted the agreement for life employment.

Under the pleadings in this action and the facts shown the release was a bar. Where fraud is asserted, a plaintiff may admit that he signed a paper called a release, yet assert that he did not execute it as a release; and if the jury finds fraud in the execution of the instrument it may be held for naught. De Lamar v. Herdeley, 167 Fed. 530, 93 C. C. A. 239; and see Drobney v. Lukens, etc., Co., 204 Fed. 11, 122 C. C. A. 325. This is as far as it was possible to go in an action at law, where a release under seal had been pleaded. On this plaintiff's own story, there was no more than an omission from a document intended as a release, and which the plaintiff examined before execution being able to read and understand it. Even mutual mistake will not at law overcome such a document, nothing but proven fraud in its execution will do that. His remedy, if any, was in equity.

Judgment reversed, with costs, and cause remanded for a new trial.