R. E. MAZE *et al. v.* HUNTER M. BENNETT *et al.*

(No. 7532)

Submitted October 3, 1933. Decided October 10, 1933.

*James L. Smith,* for appellants.
*A. G. Mathews* and *S. P. Bell,* for appellees.

HATCHER, JUDGE:

This is a suit to remove as a cloud upon the several titles of the plaintiffs to a tract of some 500 acres a partially executed compromise in writing made in 1896 between their predecessors in title and other claimants of the land. The circuit court sustained a demurrer to the bill and plaintiffs appeal.

In 1896, the Bennetts and the Mazes were in litigation over the tract and they concluded a written compromise, stipulating (1) that the litigation should terminate, (2) that the Mazes should pay to the Bennetts $50.00 and "convey" unto them "1/16 of the oil and gas that may be produced and carried off said land", and (3) that the Bennetts should release and quit claim (by deed) to the Mazes all of their right, title and interest in the tract except the 1/16 of the oil and gas as aforesaid. The bill, filed at March Rules, 1932, alleged that all of the parties to the compromise agreement were dead; that the Mazes who signed the same were the joint owners of the 500-acre tract; that they partitioned the same among themselves in 1897; that certain of the plaintiffs claim by inheritance from the Maze signatories of the compromise, and the other plaintiffs claim by purchase under the Maze title; that in 1928 and again in the early part of 1931, oil and gas in paying quantities were produced on the tract and now the Bennett heirs are claiming a 1/16 interest in the oil and gas; that plaintiffs never knew of the compromise agree-

ment of 1896 or the claim of defendants thereunder until about May or June of 1931; that the agreement was not recorded until June 11, 1931; and that while (on information) the $50.00 mentioned in the agreement was paid, the deeds mentioned were never executed. The bill has no allegation relating to the possession of the land. Under Code 1931, 51-2-2, an allegation of possession by a plaintiff in a suit to remove cloud from title is no longer jurisdictional; but possession remains an important element in considering laches. The bill does refer, however, to conveyances and leases of land made by plaintiffs indicating that they severally, and their respective predecessors in title dealt with their tracts on the basis of *exclusive ownership*.

Code 1931, 40-1-9, provides that a contract in writing made for the conveyance of real estate or an interest therein *shall be void* as to subsequent purchasers for valuable consideration without notice, ''until and except from the time it is duly admitted to record'', etc. Therefore, those of the plaintiffs who purchased from the Mazes before June 11, 1931, (when the compromise agreement was recorded) and without notice of the claim of the Bennetts (as the bill alleges) present a prima facie case under the statute for the removal of the agreement as a cloud upon their respective titles. See generally *McCue* v. *Ralston*, 9 Gratt. (Va.) 430, 435-6.

An agreement to convey land is ordinarily binding on the heirs of a contracting party (in so far as the heirs hold by inheritance) ''even though the formality (of binding the heirs) be omitted from the memorandum.'' Warville on Vendors (2d Ed.), sec. 177. It has been held also that ''mere lapse of time does not constitute abandonment''. *Mitchell* v. *Carder*, 21 W. Va. 277. But it is settled in this jurisdiction that ''Lapse of time * * * operates in equity as an evidence of assent, acquiescence or waiver.'' *Pusey* v. *Gardner*, 21 W. Va. 469; *Trader* v. *Jarvis*, 23 W. Va. 100; *Kelly* v. *McQuinn*, 42 W. Va. 774, 26 S. E. 517. In addition to the lapse of thirty-six years, the bill alleges (a) the death of the original parties to the agreement; (b) the failure of both parties to execute the conveyances referred to in the agreement; and in effect (c) that the Bennetts ''stood by'' without presenting their claim, while the Mazes dealt with the land

as though exclusively their own. As no time was mentioned in the agreement for the exchange of the deeds, the law implied that the exchange would be made within a reasonable time. *Andrews* v. *Bell*, 56 Pa. 343. Whatever time may have been reasonable, it expired more than a generation ago. We are, therefore, of opinion that the lapse of time in connection with the allegations (1) of material changes in circumstances which would make performance now onerous to the Mazes, and (2) of indifference of the Bennetts to their right and their obligation under the contract "indicate a virtual abandonment of the contract," and (unexplained) constitute such laches as sustains the bill for the plaintiff Maze heirs. Waterman on Spec. Perf. of Contracts, sec. 475. Accord: Pomeroy on same (3d Ed.), sec. 408; *Cranmer* v. *McSwords*, 24 W. Va. 594; *Maslin* v. *Hiett*, 37 W. Va. 15, 23, 16 S. E. 437; *McMullin* v. *Matheny*, 104 W. Va. 317, 322-3, 140 S. E. 10.

The brief for the defendants iterates the statement that it appears from the compromise agreement that the Bennetts were the original owners of the litigated land. That statement is erroneous. To the contrary the bill alleges such ownership to have been in the Mazes and there is nothing in the agreement even to discredit the allegation.

The ruling of the circuit court is accordingly reversed and the cause remanded.

*Reversed and remanded.*