GREER *v.* J. T. FARGASON GROCER CO.

(*Nashville,* December Term, 1934.)

Opinion filed Jan. 12, 1935.

LEE OWENS and HUGH MAGEVNEY, both of Memphis, for plaintiff in error.

EDWARD B. KLEWER, of Memphis, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

To the plaintiff's action for damages for personal injuries, the defendant pleaded a written agreement, signed by the plaintiff, releasing the defendant from any and all actions, claims, or demands for any damage, loss or injury sustained in consequence of the accident described in the declaration.

Plaintiff's replication to this special plea averred that the consideration for the release was paid him for the sole purpose of compensating him for the damage to his automobile; that at the time of the execution of the release neither party knew that plaintiff had sustained the injuries described in his declaration, which were internal in character; and that in the execution and acceptance of the release "nothing more was in the contemplation of the parties than to make a settlement for known damages, that is to say, a settlement for property damage to plaintiff's automobile."

The circuit court sustained the defendant's demurrer to the replication, the judgment reciting: "The court is of the opinion that the defendant's demurrer to plaintiff's replication and amended replication should be sustained because the court holds that the release given on the 11th day of February, 1930, was a release in the defendant's favor of all the matters and things set out in the plaintiff's declaration herein, and the court being of the opinion that if there was any mistake of fact which brought about the execution of said release that this court is without jurisdiction to try said issue and holds that the plaintiff's exclusive remedy is by suit in chancery to reform said release, and that this suit be dismissed, which is accordingly ordered."

This action of the circuit court is assigned as error on plaintiff's appeal in the nature of a writ of error.

The release is in terms general and all-inclusive, and the construction given it by the trial court cannot be reasonably disputed. The facts pleaded in the replication are therefore material only as tending to establish the plaintiff's right to have the written release reformed so as to make it conform to the true agreement reached by the parties. Unless it can be so reformed, the facts pleaded in avoidance could not be established in the evidence, because in direct contradiction of the terms of the written instrument and incompetent under the parol evidence rule. Equitable actions to reform a written instrument furnish exceptions to that rule of evidence, required by policy and expediency. Pomeroy, Equity Jurisprudence, vol. 2, sec. 858; *Perry* v. *Pearson*, 1 Humph. (20 Tenn.), 431.

The question determinative of the appeal is, therefore, whether the circuit court, as a court of law, has jurisdiction to reform a written instrument pleaded by the defendant in bar of an action for damages, when the basis of the reformation rests upon a mutual mistake of the parties, without fraud.

This court has twice denied that the circuit court may exercise such jurisdiction. *Metropolitan Life Ins. Co.* v. *Humphrey*, 167 Tenn., 421, 424, 70 S. W. (2d), 361; *Tennessee Hoop Co.* v. *Templeton*, 151 Tenn., 375, 270 S. W., 73.

The reformation of written contracts, to purge them of the results of fraud or mutual mistake, is essentially an equitable remedy, and is universally so regarded. When the ground of reformation is fraud and the contract to be reformed and rescinded is pleaded by the de-

fendant, jurisdiction was yielded to the circuit court in *Brundige* v. *Railroad*, 112 Tenn., 526, 81 S. W., 1248. In so ruling this court followed the decision of Judges TAFT, LURTON, and CLARK, in *Wagner* v. *National Life Ins. Co.*, 90 F., 395, 404, 33 C. C. A., 121, quoting their observation: "Where the issue is simply one of fraudulent misrepresentation, it may be as well tried by a jury as in a court of equity, for fraud is an issue of which courts of law and equity, from time immemorial, have had concurrent jurisdiction." See, also, *Street Railway Co.* v. *Giardino*, 116 Tenn., 368, 92 S. W., 855.

The reason so assigned for sustaining jurisdiction of the circuit court in cases of fraud fails when the basis for reformation or rescission is mutual mistake. Courts of law have not exercised jurisdiction of controversies in which a party has sought to avoid the consequences of his contract because of his own mistake of fact concurred in by his adversary. Nor does it appear that the procedure at law is as well adapted to the disposition of such controversies as that of courts of equity. The relief grounded on mistake is one to be granted with caution, and only when the right thereto is clearly established. 2 Pomeroy, Equity Jurisprudence, sec. 859; 21 Corpus Juris, 90, 91 (Equity, sec. 67). "The principles governing equitable procedure in such cases are better adapted to the ascertainment of truth and the accomplishment of substantial justice." *McIsaac* v. *McMurray*, 77 N. H., 466, 93 A., 115, 117, L. R. A. 1916B, 769.

Cases to the contrary are listed in a note to 53 Corpus Juris, 1232 (Release, sec. 48). We have examined them and find that they are predicated upon Code provisions or upon principles of procedure which do not preserve

the distinction between actions at law and equitable actions which have been deemed important in this jurisdiction. *Kirchner* v. *New Home Sewing Machine Co.*, 135 N. Y., 182, 31 N. E., 1104, refers to a Code provision and assumes the point without discussing it. We have found no reasoned case sustaining the jurisdiction of the law court to avoid a written contract on the ground of mutual mistake.

*Lumley* v. *Wabash R. Co.*, 76 F., 66, 22 C. C. A., 60, was a direct action in equity to reform a release, and is therefore not authority on the question of the jurisdiction of the circuit court to grant such relief, which is the only issue now before us.

While we are in full sympathy with rules of procedure which would tend to avoid circuity of action, we cannot adopt such rules when to do so would tend to impair rather than to facilitate the administration of justice. And we are firmly convinced that it would not facilitate the administration of justice to permit a plaintiff in damages to submit to a jury, swayed by evidence of the primary wrong on which the suit is founded, the question of whether his contract of settlement should be avoided on the purely equitable ground of mutual mistake.

We therefore adhere to the ruling made in the cases cited, and affirm the judgment of the circuit court.