OSBORN C. JANNEY *v.* THE VIRGINIAN RAILWAY COMPANY

(CC 582)

Submitted September 7, 1937. Decided October 5, 1937.

*J. Q. Hutchinson* and *Clay S. Crouse*, for plaintiff.
*W. L. Lee* and *John R. Pendleton*, for defendant.

MAXWELL, JUDGE:

This certification presents the question: Where a person who has suffered personal injury, executes, for valuable consideration, a release granting full acquittance of legal liability to the person charged with responsibility for the injury, may the injured party later, in an action at law against the other party for damages for the injury, avoid the legal import and effect of such receipt on the sole ground of mistake? The circuit court answered this query in the negative and certified its ruling here for review.

The action is prosecuted under the Federal Employers' Liability Act. In his declaration, the plaintiff alleges that on February 25, 1935, while in the discharge of his duties as brakeman for the defendant, on a train engaged in interstate commerce, he suffered personal injury through

the negligence of the defendant. To the declaration, the defendant entered a general issue plea, and filed a special plea of accord and satisfaction. In the special plea, there is averment that on June 25, 1935, the plaintiff, "for valuable consideration, released to the said defendant all claims and demands of every kind whatsoever for damages and injuries received and sustained by the plaintiff by reason of the matters and things set up and alleged in said declaration, * * *." The plaintiff replied generally to both the general issue plea and the special plea. To the special plea he filed also a special replication wherein he admits that he executed a purported release June 25, 1935, but alleges that he ought not to be bound by that paper because at the time of his signing the same he believed, under the advice of physicians, including physicians in the employ of the defendant, that his injuries attributable to the accident of February 25, 1935, were not serious but were merely temporary, whereas, it has later developed that the injuries are serious and permanent.

Though mistake by the plaintiff is not specifically averred in the special replication, the import of that pleading is that in executing the release the plaintiff acted under a mistake of fact. It is charged that physicians employed by the defendant advised plaintiff, as did other physicians, that his injury was merely temporary, and that "the defendant's physicians either knew that plaintiff was permanently injured and misrepresented that fact or were honestly mistaken as to the extent of plaintiff's said injuries and misled plaintiff into signing said purported release." This quoted language may tend to cast a shadow over the settlement but it is not sufficient as an averment either of mutuality of mistake or of fraudulent conduct on the part of the defendant. The replication is lacking in both of those respects. Such matters must be clearly and unequivocally charged.

The courts of the several states are at variance whether in an action at law a release may be repudiated on the ground of mistake.

The following cases sutain the affirmative of this prop-

osition: *Malloy* v. *Chicago Great Western R. Co.*, 185 Iowa 346, 170 N. W. 481; *Clark* v. *Northern Pacific Ry. Co.*, 36 N. D. 503, 162 N. W. 406, L. R. A. 1917 E, 399.

Among cases holding that there cannot be such repudiation at law are the following: *Greer* v. *Fargason Grocer Co.*, 168 Tenn. 242, 77 S. W. (2d) 443, 96 A. L. R. 1141; *McIsaac* v. *McMurray*, 77 N. H. 466, 93 A. 115, L. R. A. 1916 B, 769; *Holbrook, Cabot and Rollins Corp.* v. *Sperling*, 239 Fed. 715. For a comprehensive discussion of this subject, consult Annotation, 96 A. L. R. 1144.

Of course, a mutual mistake of fact as to the extent of a releasor's injuries is sufficient to sustain a proceeding in equity to cancel a release. *Atlantic Greyhound Lines* v. *Metz*, 70 Fed. (2d) 166; *Greer* v. *Fargason Grocer Co., supra.*

In West Virginia, at law, a release of claim may be repudiated for fraud and misrepresentation. *Norvell* v. *Kanawha & M. Railway Co.*, 67 W. Va. 467, 68 S. E. 288; *McCary* v. *Traction Co.*, 97 W. Va. 306, 125 S. E. 92; *Workman* v. *Casualty Co.*, 115 W. Va. 255, 175 S. E. 63. Fraud taints and vitiates every transaction it enters. It is of such nefarious character that relief therefrom should be granted by the first court to which application is made, whether the court be of law or equity.

In matters of account, if there be a mutual mistake in making settlement, leaving an unpaid balance due, there may be maintained an action at law therefor, notwithstanding a receipt in full was given by the complaining party at the time of settlement. *Harman & Crockett* v. *Maddy Bros.*, 57 W. Va. 66, 49 S. E. 1009. Such situation ordinarily involves merely the correction of mathematical calculation, and consequently there does not there exist the same reason for hesitation as obtains with reference to matters such as the one at bar.

If a mistake be mutual, though the parties be entirely innocent of wrongdoing, equity may grant relief. *Crislip* v. *Cain*, 19 W. Va. 438. And, where mistake is involved, mutuality thereof is not a *sine qua non* for equitable relief. A party, who acted under a mistake which was fraudulently taken advantage of by another will be

granted relief in equity. *Moody* v. *Smoot Advertising Co.,* 98 W. Va. 261, 126 S. E. 919.

But we do not have in this jurisdiction a case which deals with the question of repudiation, at law, on the ground of mistake, of a release of liability for personal injuries.

Equity is equipped to deal with matters of mistake whether a case presented involves a simple error in calculation, or deeper complications. Courts of law should hesitate to attempt to function in this equitable domain. Beyond the extent to which encroachment has already been made, progression, if any, should be with great caution.

Both law and equity favor repose of litigious matters. Compromise by parties of their differences is favored by all courts. When a matter has thus been put at rest, it should not be disturbed except for grave cause. Where there is an asserted liability for personal injury and the alleged tortfeasor, acting in good faith, pays the claimant—a party *sui juris*—a substantial sum of money, as in the case at bar, and obtains an acquittance of liability, it makes no difference whether the payment was made by way of compromise, or to buy peace (liability being denied), or to compensate in full, the legal consequence is the same—namely, settlement out of court.

A court may not ordinarily concern itself about the advisability of legislative enactments, but the situation is different in respect of the proper interpretation to be placed on general principles of law and equity where the courts of other jurisdictions are not in accord as to the correct application thereof. Where a court with whom the question stands *res integra* is of opinion that adoption of a particular line of judicial expression would establish a precedent that might be attended with undesirable consequences which would not attend upon the contra interpretation, the court should reject the former and adopt the latter. Such is the situation now confronting this court.

We are of opinion that, considering the encouragement which should be given to the private settlement of

personal injury claims, it would be unwise to adopt a line of decision which would open wide the doors to permit any claimant of damages for such injury to sue at law, notwithstanding he had executed a full acquittance on account of the injury. It is not consonant with our view of the dignity of a settlement out of court, evidenced by a formal release, that mere allegation that the plaintiff's injury was in fact greater than he had anticipated when he executed the release should be a sufficient basis to justify an action at law which otherwise would be barred.

If, when attempting to make settlement for such injury, the injured party acted under a mistake and the other party knew about the mistake and fraudulently took advantage thereof, relief will be afforded either at law or in equity. But, where, in such settlement, mistake alone is involved, we are impressed that nothing short of the formality of a suit in equity should be deemed sufficient to deal properly with the situation.

For the reasons stated, we are of opinion that the trial court committed no error in sustaining the demurrer to the special replication. Thus we respond to the certification.

*Affirmed.*