634

DALLAS B. PETERS

*v.*

JOHN W. COOK, JR.

(No. 12679)

Submitted January 14, 1969.     Decided February 18, 1969.

*Clay S. Crouse, E. Carl Meadows, Jr.,* for appellant.

*Bowers, File, Hodson & Payne, W. H. File, Jr.,* for appellee.

BERRY, JUDGE:

This is an appeal from a judgment of the Circuit Court of Raleigh County, West Virginia, by the plaintiff, Dallas B. Peters, holding that the plaintiff was barred from prosecuting an action against John W. Cook, Jr., the defendant, for personal injuries arising out of an automobile accident because he had released all of his claims for damages. The case was submitted for decision of this Court on briefs without arguments at the January Regular Term, 1969.

On March 14, 1966, the day before the case was set for trial, the defendant moved for summary judgment based on affidavits, depositions, and exhibits, which motion was overruled by the trial court. The case was called for trial on March 15, 1966, at which time the attorneys for the respective parties announced they were ready for trial, a jury was selected, and opening statements were made. At the conclusion of the opening statements, the attorney for the plaintiff, in the absence of the jury made a motion to the effect that since at the time the motion for summary judgment was made by the attorney for the defendant the court had expressed some doubt as to whether the plaintiff could prevail in this action because of the release signed by him the court should now reconsider its decision by taking into account the matters contained in the opening statements as evidence of what would be proved by the parties, as well as the affidavits, depositions and exhibits theretofore filed and considered, as if a motion had been made for a directed verdict on behalf of the defendant. The attorney for the defendant joined in this motion made after the opening statements, and in addition the defendant moved also that the court reconsider its action on the motion for a summary judgment which had been overruled on March 14, and moved to grant said motion for summary judgment at this point. There apparently being no objection on the part of the plaintiff to the procedural aspects, the defendant's motion for a summary judgment in defendant's favor was sustained and judgment entered thereon. The plaintiff then moved the court to set aside said judgment, which motion the court overruled.

It appears from the depositions, affidavits, exhibits and opening statements that on March 9, 1965, the plaintiff and defendant were driving automobiles in the same direction and the defendant's car struck the rear of the car being operated by the plaintiff, after which an adjuster for the defendant's insurance company entered into negotiations with the plaintiff to settle any claims for damages which he might have in connection with the accident. Following negotiations with regard to the settlement a release was signed by the plaintiff and his wife on April

7, 1965, with the consideration of $176.56 releasing and forever discharging the defendant from all claims, both of property damages and of personal injury arising out of the accident which occurred near Beckley March 9, 1965, and the consideration and benefits set out in the release were $176.56 and all reasonable expenses for all medical, dental or surgical treatments incurred within one year following the accident and caused by it, not to exceed the sum of $2000. The release contained the following statement just prior to the signature clause and signatures of the plaintiff and his wife: "It is further agreed that all parties to this instrument have carefully read the contents thereof and the signatures below are the voluntary and free act of each."

It is the contention of the plaintiff that he intended to release only the property damage to his automobile and not to release any personal injuries that he might have received in the accident; that he told the adjuster for the insurance company representing the defendant that he would sign only the release for the damage to his automobile, and that the adjuster, after some discussion, stated he had a release for that purpose. The plaintiff stated he did not read the release, and he alleged it was obtained by fraud. The plaintiff's wife corroborated the testimony of the plaintiff that the plaintiff had advised the adjuster he was releasing only the damage to his automobile.

The plaintiff was an ordained minister and had done considerable studying and reading. He had attended school through the eighth grade. However, he stated that the release was difficult for him to read because of the color of the paper. However, he admitted that he knew it contained the statement of paying hospital and medical expenses up to $2000. The evidence on behalf of the defendant was that the plaintiff entered voluntarily into negotiations for the release, that it was explained to both the plaintiff and his wife and read to them, after which they both signed it. A draft in the amount of the consideration in the release was delivered to the plaintiff and purportedly endorsed by both the plaintiff and his wife and cashed,

although there is a conflict as to who signed the wife's name to the draft. After the institution of this action the plaintiff made no tender of the money obtained by him as the result of the execution of the release.

It is true that if a written release releasing a claim for personal injuries is obtained by fraud, duress or incapacity such release will not sustain a plea of accord and satisfaction. *Norvell* v. *Kanawha & M. Railway Co.*, 67 W. Va. 467, 68 S. E. 288, 29 L. R. A. N. S. 325; *Workman* v. *Continental Casualty Co.*, 115 W. Va. 255, 175 S. E. 63; *Carroll* v. *Fetty*, 121 W. Va. 215, 2 S. E. 2d 521; *C. & O. Railway Co.* v. *Chaffin*, 184 F. 2d 948. However, the burden of proving such matters by clear and distinct evidence rests upon the plaintiff or the person attempting to vitiate the release. It is well settled that where as in the case at bar no fiduciary or confidential relationship exists fraud in obtaining a release is not presumed, but must be clearly and distinctly proved by the person who asserts it. 45 Am. Jur., Release, §§ 21, 65; *Bennett* v. *Neff*, 130 W. Va. 121, 42 S. E. 2d 793; *Brown* v. *Crozer Coal and Land Co.*, 144 W. Va. 296, 107 S. E. 2d 777; *Campbell* v. *Campbell*, 146 W. Va. 1002, 124 S. E. 2d 345.

This matter is clearly stated in the syllabus of the case of *Janney* v. *Virginian Railway Co.*, 119 W. Va. 249, 193 S. E. 187, which reads as follows: "In the absence of fraud by an alleged tortfeasor in the procurement, for valuable consideration, of a release of liability for personal injury to another, such release may not be repudiated in an action at law by the releasor for damages for the injury."

This Court has held on several occasions that if at the time of the execution of a release the releasor knows or by inquiry might know of the contents of the release, he cannot invoke his own neglect to vitiate the release unless it was procured by fraud. This is clearly stated in point 4 of the syllabus of the case of *Rutherford* v. *Rutherford*, 55 W. Va. 56, 47 S. E. 240, in the following language: "A person who at the time of the execution of a release knows, or by inquiry might know, the exact nature of the writing, cannot invoke his own neglect to ascertain its nature to

impeach it, unless imposed on and misled by fraud." It was stated in the opinion of that case that: "One who signs a document cannot say he did not understand its import or effect. If he knows, or by inquiry might know, its nature, he cannot invoke his neglect to impeach it by calling his own neglect some one else's fraud."

The comparatively recent case of *Campbell* v. *Campbell, supra,* is quite similar to the case at bar. It was held in that case that where a release for all claims of property damage and personal injury was signed by the plaintiff as releasor and she later claimed that she did not read the release but understood that it was for property damage only, such situation failed to establish the existence of fraud on the part of an insurance adjuster in obtaining a release from a person injured in an automobile accident.

The depositions, affidavits and exhibits are wholly insufficient to establish by clear and distinct proof fraud in the procurement of the release. The release is, therefore, valid and the plaintiff is barred from recovery in the case at bar.

For the reason stated herein, the judgment of the Circuit Court of Raleigh County is affirmed.

*Affirmed.*